## IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| CHARLENE HUTTON and MICHAEL HUTTON | * * * |
| Plaintiffs | * * |
| vs. | * * Docket No.: 16C783 |
| WERNER ENTERPRISES, INC., WABASH NATIONAL TRAILER CENTERS, INC., and CHRIS WALKER | * Division * * * |
| Defendants | * |

### COMPLAINT

Come the plaintiffs, Charlene Hutton and Michael Hutton, individually and jointly, by and through their attorneys, and would sue the defendants, Werner Enterprises, Inc., Wabash National Trailer Centers, Inc. and Chris Walker and for their cause of action would state as follows:

### PARTIES

1. Plaintiffs are residents of Hamilton County, Tennessee.

2. Defendant, Werner Enterprises, Inc. (hereinafter "Werner"), is an out of state corporation organized and authorized under the laws of the State of Nebraska, and doing business in the State of Tennessee.

3. Defendant Werner has named National Registered Agents, Inc. located at Suite 2021, 800 South Gay Street, Knoxville, Tennessee 37929-9710 as its registered agent for service of process.

4. Defendant Werner is engaged in interstate commerce in various locations including Hamilton County, Tennessee.

5. Defendant Werner has a principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68138-3808.

6. Defendant, Wabash National Trailer Centers, Inc. (hereinafter "Wabash"), is an out of state corporation organized and authorized under the laws of the State of Delaware, and doing business in the State of Tennessee.

7. Defendant Wabash has named Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203-1312 as its registered agent for service of process.

8. Defendant Wabash is engaged in interstate commerce in various locations including Hamilton County, Tennessee.

9. Defendant Wabash has its principal place of business located at 1000 Sagamore Parkway South, Lafayette, Indiana 47905-4727.

10. Defendant, Chris Walker (hereinafter "Walker"), is a resident of Fyffe, Alabama.

11. Defendant Walker can be currently located at ███████████ Fyffe, Alabama 35971.

## JURISDICTION AND VENUE

12. Jurisdiction and venue are proper within this court as all events and acts of negligence took place within Hamilton County, Tennessee.

13. This court has subject matter jurisdiction and personal jurisdiction over the parties.

## FACTS

### HIRING OF DEFENDANT WALKER

14. Defendants Werner and Wabash did not provide any training to defendant Walker, regarding the operation of defendants' vehicle.

15. Defendants Werner and Wabash did not provide safety training regarding the operation of defendants' vehicle before allowing defendant Walker to drive its vehicle.

16. Defendants Werner and Wabash did not investigate whether defendant Walker was capable of operating its equipment safely before entrusting such in defendant Walker's care.

17. Defendants Werner and Wabash did not require defendant Walker to demonstrate his ability to operate a tractor trailer safely before allowing defendant Walker to operate its equipment.

### THE CRASH

18. On or about July 3, 2015, defendant Walker was driving a 2012 Freightliner tractor trailer owned by defendants Werner and Wabash.

19. Defendant Walker was operating the 2012 Freightliner tractor trailer, Nebraska license plate number 159299 on July 3, 2015.

20. Defendant Walker was operating the 2012 Freightliner tractor trailer with a gross weight in excess of 26,000 pounds.

21. Defendant Walker was driving on Stuart Street in Hamilton County, Tennessee at the intersection with Highway 58 a/k/a Amnicola Highway.

Highway 58 a/k/a Amnicola Highway parallel to the lanes of travel on to the right shoulder of Highway 58 a/k/a Amnicola Highway.

32. Plaintiff, Charlene Hutton, was tossed about inside her vehicle.

33. The entire crash was very traumatic.

### DUTIES OF THE COMPANIES

34. The defendant companies must properly inspect its vehicles to protect public safety.

35. The defendant companies must hire qualified drivers to protect public safety.

36. The defendant companies must screen potential drivers to hire qualified drivers to protect public safety.

37. The defendant companies must properly train its drivers to protect public safety.

38. The defendant companies must properly supervise its drivers to protect public safety.

39. The defendant companies must systematically inspect, repair and maintain its vehicles to protect public safety.

### DUTIES OF DRIVERS

40. Traffic laws have been established by the State of Tennessee to protect people on the road. Every driver who drives on the roads in Tennessee must follow these traffic laws.

41. A driver must not needlessly endanger others on the roads to protect public safety.

42. A driver must keep his vehicle under control to protect public safety.

43. A driver must operate his vehicle as an ordinary and prudent person would have under existing traffic conditions to protect public safety.

44. A driver must drive with reasonable care, considering the hazards of weather, road, traffic, and other conditions to protect public safety.

45. A driver must drive at a safe rate of speed to protect public safety.

46. A driver must keep his vehicle under reasonable control to protect public safety.

47. A driver must keep a proper lookout to protect public safety.

48. A driver must see and be aware of what should be in the driver's view to protect public safety.

49. A driver must use reasonable care to avoid crashes to protect public safety.

### CAUSE OF ACTION NO. I:
### NEGLIGENCE OF DEFENDANT, CHRIS WALKER

50. Paragraphs 41-49 are how a reasonably prudent driver operates his motor vehicle.

51. Defendant Walker failed to operate his vehicle as a reasonably prudent driver.

52. Defendant Walker drove his vehicle recklessly and with wanton disregard for public safety.

53. Defendant Walker's negligence was one hundred percent (100%) the cause of this crash.

54. Defendant Walker's negligence was one hundred percent (100%) the cause of the Hutton family's injuries.

## CAUSE OF ACTION NO. II:
## NEGLIGENCE PER SE OF DEFENDANT, CHRIS WALKER

55. Defendant Walker is guilty of negligence per se. Defendant Walker was required to follow the following Tennessee traffic laws and he failed to do so:

a. T.C.A. §55-8-136: A driver must use due care to avoid colliding with other drivers on the roadways.

b. T.C.A. §55-8-136: A driver must maintain a proper lookout.

c. T.C.A. §55-8-136: A driver must keep his vehicle under control.

d. T.C.A. §55-8-136: A driver must devote his full time and attention to driving his vehicle.

e. T.C.A. §55-10-25: A driver must not drive a vehicle in a willful or wanton disregard for the safety of persons.

f. T.C.A. §55-8-130: The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one (1) or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed.

g. T.C.A. §55-8-142: No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required by §55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until this movement can be made with reasonable safety.

h. T.C.A. §55-8-149: Every driver of a vehicle approaching a stop sign shall stop before entering the intersection.

56. Defendant Walker's negligence caused this crash.

57. Defendant Walker's negligence caused the Hutton family's injuries.

### CAUSE OF ACTION: NEGLIGENCE OF DEFENDANTS WERNER AND WABASH

58. Defendants Werner and Wabash are negligent under the doctrine of *Respondeat Superior* as defendant Walker was operating within the course and scope of his employment with defendants Werner and Wabash and defendant Walker was acting under the direction and control of defendants Werner and Wabash.

59. Defendants Werner and Wabash are negligent for violating the following federal regulations:

a. 49 CFR 390.11: Failure of motor carrier to require drivers to observe federal regulations.

b. 49 CFR 390.13: Aiding or abetting driver violations of federal regulations.

60. Defendants' Werner and Wabash negligence caused this crash.

61. Defendants Werner and Wabash caused the Hutton family's injuries.

### DAMAGES

62. As a direct and proximate result of the negligence of defendants, the Hutton Family has suffered injuries including back pain and psychological injuries.

63. The Hutton family suffered the following harms and losses:

a. Pain, mental anguish and suffering, past and future;

b. Medical and hospital expenses, past and future;

c. Loss of enjoyment of life and services, past and future; and

d. Lost wages and loss of earning capacity.

64. The defendants' negligence caused one hundred percent (100%) of the Hutton family's harms, losses, injuries and damages.

65. The types of harms and losses sustained by the Hutton family were the foreseeable and natural result of defendants' negligence.

66. Based on these circumstances, the Hutton family seeks fair, just and reasonable compensation from defendants.

**WHEREFORE**, the plaintiffs demand a judgment against the defendants for their pain, suffering, and damages in the amount of One Hundred Thousand Dollars and 00/100 ($100,000.00), individually, and for a collective judgment of Two Hundred Thousand Dollars and 00/100 ($200,000.00).

General relief.

                                          PATY, RYMER, ULIN & LARRAMORE, P.C.

BY: _____
       Charles D. Paty (BPR #06759)
       Attorneys for Plaintiffs
       19 Patten Parkway
       Chattanooga, TN 37402
       (423) 756-6770 – telephone
       (423) 756-0009 – facsimile